ON RETURN TO REMAND
McMILLAN, Judge.
This cause was remanded to the trial court in order for that court to reweigh the aggravating and mitigating circumstances pertinent to the appellant’s sentencing. 575 So.2d 145. The trial court was instructed to then resentence the appellant. The trial court has returned a sentencing order, noting that in its previous sentencing order it stated that “the balance is close, and reasonable men may differ....” The trial court has made findings as to the aggravating and mitigating circumstances, finding the single aggravating circumstance that the capital offense was committed to disrupt or hinder the lawful exercise of a governmental function or enforcement of laws. The trial court found the existence of the two mitigating circumstances: that the appellant’s capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired, and that the capital offense was committed while the appellant was experiencing extreme mental or emotional disturbance not amounting to insanity. The trial court has reweighed these aggravating and mitigating circumstances *939 and has resentenced the appellant as follows: “In accordance with the unanimous recommendation of the jury, the court sentences the defendant to serve the remainder of his natural life in the state penitentiary without the possibility of parole.” Based on the evidence presented at trial and at sentencing, we find the appellant’s sentence of life imprisonment without parole to be proper.
OPINION EXTENDED; AFFIRMED.
All Judges concur.